UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

KASHAWN WATTS BRYANT,

                 Plaintiff,

        -against-

VILLAGE OF HEMPSTEAD, VILLAGE OF
HEMPSTEAD POLICE DEPT., VILLAGE OF
HEMPSTEAD POLICE DETECTIVE JOHN
MARTINI, HEMPSTEAD POLICE DETECTIVE
KEITH CONNORS, John Doe Hempstead Police
Officer, Badge No. 1217, and John Doe Police
Officers 1-5, all sued herein individually and in
their official capacities

                 Defendants.
-------------------------------------------------------------------X

**DOCKET NO.: CV-21-6831**

**COMPLAINT**

*JURY TRIAL DEMANDED*

Plaintiff, KASHAWN WATTS BRYANT by and through his attorneys, THE LAW

OFFICES OF FREDERICK K. BREWINGTON, as and for his Complaint against the Defendants

herein, states and alleges as follows:

## PRELIMINARY STATEMENT

1.      This is a civil action seeking monetary relief, a declaratory judgment, compensatory

and punitive damages, disbursements, costs, and fees for violations of the Plaintiff's rights, assault,

battery, unnecessary and excessive use of force, use of deadly force, false arrest, intentional, reckless,

and/or negligent infliction of physical and emotional harm, violation of civil rights and constitutional

rights brought pursuant to 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the

United States Constitution, and depriving Plaintiff of rights secured by the Constitution and laws of

the United States.

2.    Defendants DETECTIVE JOHN MARTINI, DETECTIVE KEITH CONNORS, VILLAGE OF HEMPSTEAD, VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, JOHN DOE HEMPSTEAD POLICE OFFICER, BADGE NO. 1217, and JOHN DOE POLICE OFFICERS 1-5 assaulted, battered, used excessive force, falsely accused, falsely arrested, and fabricated evidence against KASHAWN WATTS BRYANT for no legitimate police purpose and all in violation of his constitutional and civil rights.

3.    Defendants VILLAGE OF HEMPSTEAD and VILLAGE OF HEMPSTEAD POLICE DEPT. had a duty to train, supervise, and discipline police officers, including Defendants DETECTIVE JOHN MARTINI, DETECTIVE KEITH CONNORS, JOHN DOE HEMPSTEAD POLICE OFFICER, BADGE NO. 1217, and JOHN DOE POLICE OFFICERS 1-5, and were negligent in failing to properly hire, supervise and discipline the Defendant OFFICERS for their unlawful actions as described above.

4.    Defendants VILLAGE OF HEMPSTEAD and VILLAGE OF HEMPSTEAD POLICE DEPT. were negligent in training, hiring and supervising Defendant OFFICERS, thus leading to the unjustified excessive force, assault, false arrest, and other violations of KASHAWN WATTS BRYANT's rights.  The arrest was made in an attempt to justify the flagrantly improper and unjustified conduct of Defendant DETECTIVE JOHN MARTINI.

5.    Defendant DETECTIVE JOHN MARTINI without probable cause, justification, or any reason except an intent to deprive Plaintiff of his rights, and his knowledge that his conduct has the tacit authorization of the VILLAGE OF HEMPSTEAD and the VILLAGE OF HEMPSTEAD POLICE DEPT., shot, falsely arrested, and fabricated evidence against Plaintiff in an effort to justify his series of violative acts and cover up his wrongdoing.  Said use of unjustified force and other

2

actions set out herein exerted against and upon Plaintiff had no legitimate police purpose and deprived Plaintiff of his civil and constitutional rights.

6. VILLAGE OF HEMPSTEAD and VILLAGE OF HEMPSTEAD POLICE DEPT. and DETECTIVES JOHN MARTINI and KEITH CONNORS are liable for the excessive force, false arrest, and false imprisonment, because the VILLAGE OF HEMPSTEAD and the VILLAGE OF HEMPSTEAD POLICE DEPT. has supported abuses, condoned, and permitted a pattern of unlawful and excessive force, abuse of process, false arrest and malicious prosecution of arrested persons, and has failed to properly investigate such incidents and discipline the officers involved. As a result, police officers including these Defendants were deliberately indifferent to the need to train Officers of the VILLAGE OF HEMPSTEAD and the VILLAGE OF HEMPSTEAD POLICE DEPT. Police Officers, including these DEFENDANTS, have been and are encouraged to believe that they could violate the rights of persons, such as the Plaintiff, with impunity, and that the VILLAGE OF HEMPSTEAD and the VILLAGE OF HEMPSTEAD POLICE DEPT. has, and will, allow them to continue to act in violation of an individual's rights, constituting through their actions and failures a policy and/or pattern.

7. As a result of the Defendants' actions (or lack thereof), Plaintiff suffered physical pain and suffering, was caused to undergo medical treatment for serious physical injuries that he sustained at the hands of Defendant Officers as a result of their use of excessive force. Plaintiff incurred significant cost and expenses due to the Defendants' actions, including but not limited to: medical bills, loss of potential employment, serious physical injuries, and other costs/expenses.

3

## JURISDICTION AND VENUE

8. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1343 (3) & (4) and the aforementioned statutory and constitutional provisions.

9. Venue herein is proper under 28 U.S.C. § 1391(b); the cause of action arose in the Eastern District of New York, and upon information and belief, all of the parties reside in or are located in the Eastern District of New York.

## PARTIES

10. Plaintiff KASHAWN WATTS BRYANT (hereinafter "Plaintiff" or "Mr. Watts Bryant") is an African American man and was at all times relevant herein an adult citizen of the United States.

11. Defendant, VILLAGE OF HEMPSTEAD (hereinafter "THE VILLAGE") is a municipal corporation, duly organized and existing under and by virtue of the laws of New York State. Upon information and belief, the VILLAGE formed and has direct authority over several different departments including the VILLAGE OF HEMPSTEAD POLICE DEPT. (hereinafter "HPD"). The aforementioned department and/or the employees, agents, or representatives of said department are directly involved in violations that are at issue in this Complaint.

12. Defendant, VILLAGE OF HEMPSTEAD POLICE DEPT. (hereinafter "HPD") is an agency of the VILLAGE OF HEMPSTEAD.

13. During all times mentioned in this complaint, DEFENDANT DETECTIVES JOHN MARTINI and KEITH CONNORS and DEFENDANT John Doe Hempstead Police Officer, Badge

4

No. 1217 were police officers in the HPD acting in their official and individual capacities and were employed by the Village acting under the direction of Defendants Village and HPD, and are sued herein individually and in their official capacities.

14.    Upon information and belief, at all times hereinafter mentioned, and at the time of the commencement of this action, the DEFENDANT DETECTIVES JOHN MARTINI and KEITH CONNORS and DEFENDANT John Doe Hempstead Police Officer, Badge No. 1217, were, and are, citizens and residents of the State of New York.

15.    That DEFENDANT OFFICERS were state actors on October 8, 2019 and continued to be so thereafter.

16.    At all times relevant in this Complaint, and upon information and belief, DEFENDANT OFFICERS served as the complaining witnesses and assisting officers against Plaintiff in criminal proceedings and served as the source of information to the District Attorney's Office, supplying allegations and claims against KASHAWN WATTS BRYANT which were false, fabricated, and were knowingly in violation of Plaintiff's rights.

## FACTUAL BACKGROUND

17.    Kashawn Watts Bryant, hereinafter "Plaintiff," is an African American male, currently 36 years of age.    At all times relevant to this Complaint, Plaintiff was a resident of Uniondale, New York.

18.    On or about October 8, 2019, at or about 2:00 p.m., Plaintiff Watts Bryant was at 29 Sycamore Avenue, Hempstead, when he saw two friends of his, who are also young Black males. Mr. Watts Bryant offered to give his friends a ride, which they accepted.

19. Without cause or reason and with no actual knowledge that any crime had been committed, Defendant Detective John Martini and Defendant Detective Keith Connors, police officers in an unmarked vehicle, began to follow Plaintiff Watts Bryant and his passengers as they pulled out of the driveway.

20. Shortly thereafter, the police officers turned on the flashing lights in their vehicle and followed Plaintiff onto the Southern State Parkway, where they continued to follow him.

21. Mr. Watts Bryant got off the Parkway at Exit 15 and stopped with traffic at a red light at Franklin Ave. and Blakeman Drive. As he tried to maneuver around the cars in front of him, he got stuck between two vehicles.

22. Plaintiff's passenger in the back seat, who had just enough room to open the rear door, did so and exited the vehicle.

23. Detective Keith Connors, then exited the police vehicle and began to chase the passenger on foot.

24. Detective John Martini then exited the police vehicle with his gun drawn and trained directly on Plaintiff. At this time, in fear for his life, Plaintiff was attempting to un-wedge his car from between the other cars. Then without legal justification, at a time when Plaintiff's car was not moving, Det. Martini approached the driver's side back door of Plaintiff's car in a violent manner.

25. From his location at the side of the car, Detective Martini then fired his gun at Plaintiff in an unreasonable and unnecessary fashion and for no legitimate police purpose. Det. Martini, without cause of any kind, shot at Plaintiff and struck him in the back without justification or excuse. The gunshot wound continues to cause Mr. Watts Bryant harm, as the bullet is still lodged in his back because doctors deemed it was too dangerous to remove it.

6

26. At no time prior to being shot did Plaintiff place vehicle in reverse in a manner which would cause injury or reasonable likelihood of injury to Defendant Martini, as evidenced by believed trajectory of the gunshot, which came from the side and not the rear.

27. At all times, Plaintiff was seeking to avoid further injury and to safeguard his health, well-being, and safety. At no time did Plaintiff try to injure any law enforcement officer in any way while attempting to avoid summary punishment.

28. After being shot in the back and placed in fear of the loss of his life and further injury, Plaintiff sought to extricate himself from the immediate threat to his life by creating space so his car could exit from where it was lodged.

29. Upon successfully dislodging his car and being in pain and fear of having his life taken, Mr. Watts Bryant continued to drive for some time until he crashed his car.

30. Mr. Watts Bryant then exited his car and continued on foot. Police chased him through the streets and back-yards of West Hempstead for approximately half an hour.

31. At or about 3:05 P.M., Police, including John Doe Hempstead Police Officer, Badge No. 1217, located Mr. Watts Bryant in the yard of 860 Evergreen, West Hempstead.

32. Mr. Watts Bryant then surrendered to police by letting them know that he was getting down to his knees and then doing so.

33. John Doe Hempstead Police Officer, Badge No. 1217 approached Plaintiff and assaulted him, beating him in the face causing him to lose consciousness. This assault was for no legitimate police purpose, but rather to needlessly injure Plaintiff. Following his subsequent hospitalization, Plaintiff learned that not only had he been shot and assaulted in the face, but he had also been beaten about his body and that he had three fractured ribs which had not been fractured

7

prior to coming under the custody of Defendants.

34.    Plaintiff was arrested by John Doe Hempstead Police Officer, Badge No. 1217 and due to the serious extent of his injuries, was brought to NYU Langone Hospital - Long Island, where he was treated for seven days. He was found to have three broken ribs with "hemothorax, with pulmonary contusion, residual pneumothorax, and subcutaneous emphysema." Additionally, to this day, Plaintiff has Detective Martini's bullet in his back, because the doctors believed it was too dangerous to operate given its proximity to his spine.

35.    Upon information and belief, Police Officers then prepared false documents, reports, and memoranda and falsely informed prosecutors of information and facts and falsely testified before a grand jury in an effort to justify and cover up their own wrongful and violative actions.

36.    During the grand jury, Detective John Martini admitted that he shot "at the driver of the vehicle." Upon the urging of Assistant District Attorney Patrick Brand, he changed his statement to say that he was shooting "at the vehicle" rather than "at the driver."

37.    Defendant Martini also admitted to standing to the left of the vehicle driven by Plaintiff rather than behind it when he fired at Plaintiff. Defendant Martini's firing of his gun was not proper as his life was not placed in danger.

38.    In Detective Martini's initial statement he says that Plaintiff tried to run him over once. However, in his grand jury testimony, he says that Plaintiff tried to run him over three times.

39.    Plaintiff reserves the right to commence any and all claims not yet ripe for civil action.

## AS AND FOR A FIRST COUNT
## 42 U.S.C. § 1983 - EXCESSIVE USE OF FORCE

40.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 39 of this Complaint with the same force and effect as though fully set forth herein.

41.     The handling and discharge of a firearm toward Plaintiff striking Plaintiff by Defendant HPD DETECTIVE JOHN MARTINI, constituted unreasonable and excessive use of force by a police officer, as well as, abuse of process. Such actions were negligent, reckless, careless, unreasonable, and unauthorized, as Defendants had a duty not to subject Plaintiff to vicious and abusive police actions, but failed to prevent same and breached their duty. This summary punishment, threat and use of deadly force, and wrongful seizure was in violation of the rights promised to Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution. In doing so, the Defendants violated clearly established law and the rights to which Mr. Watts Bryant was entitled and did so with recklessness, callous indifference to the outcome of their actions, and with malice, all in violation of 42 U.S.C. § 1983.

42.     Any reasonable police officer would know that the unreasonable use of deadly force and discharging a firearm against a person as Defendant Martini did here was a violation of law and Plaintiff's rights.

43.     The physical assault to the head and upper body of Plaintiff by DEFENDANT John Doe Hempstead Police Officer, Badge No. 1217 causing three broken ribs with "hemothorax, with pulmonary contusion, residual pneumothorax, and subcutaneous emphysema" constituted unreasonable and excessive use of force by a police officer, as well as, abuse of process. Such actions were negligent, reckless, careless, unreasonable, and unauthorized, as Defendants had a duty

9

not to subject Plaintiff to vicious and abusive police actions, but failed to prevent same and breached their duty. This summary punishment, threat and use of deadly force, and wrongful seizure was in violation of the rights promised to Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution. In doing so, the Defendants violated clearly established law and the rights to which Mr. Watts Bryant was entitled and did so with recklessness, callous indifference to the outcome of their actions, and with malice, all in violation of 42 U.S.C. § 1983.

44.     Any reasonable police officer would know that the unreasonable use of excessive force against a person as John Doe Hempstead Police Officer, Badge No. 1217 did here was a violation of law and Plaintiff's rights.

45.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was made to suffer injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

46.     As a direct result of said acts, Plaintiff has suffered and continues to suffer severe psychological, emotional and physical trauma and damage, including distress, humiliation, embarrassment, great financial expense and damage to his reputation, and the emotional and psychological trauma as alleged in the preceding paragraphs of the within complaint.

47.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00 ) DOLLARS, as well as punitive damages, costs, and attorney's fees, and any other relief this Court may find just and proper.

10

## AS AND FOR A SECOND COUNT
### 42 U.S.C. §1983 - FALSE ARREST and FALSE IMPRISONMENT

48.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 47 of this complaint with the same force and effect as though fully set forth herein.

49.     The Defendants  VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, HPD DETECTIVE MARTINI, and John Doe Hempstead Police Officer, Badge No. 1217 lacked any probable cause to chase, stop, hold and detain the Plaintiff Kashawn Watts Bryant.

50.     Without such probable cause, Defendants VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, HPD DETECTIVE MARTINI, and John Doe Hempstead Police Officer, Badge No. 1217 conspired to and wrongfully detained the Plaintiff Kashawn Watts Bryant at NYU-Langone Hospital, in the back of a police car, at the police precinct, and at the jail, and denied Plaintiff his freedom.

51.     As a result of said false arrest and false imprisonment, Plaintiff suffered and now continues to suffer pain, great emotional and psychological harm, anxiety and personal fear, all due to the callous indifference of said Defendants in falsely arresting and imprisoning him and requiring him to face false charges.

52.     By reason of the foregoing, Plaintiff has been damaged a sum in excess of FIVE MILLION ($5,000,000.00) DOLLARS, including the cost of this action, attorneys' fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR A THIRD COUNT
### 42 U.S.C. § 1983 - ABUSE OF PROCESS

53.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 52 of this complaint with the same force and effect as though fully set forth herein.

54.     Defendants were clearly engaged in the improper exercise of their police power, the resources of government, and the use of excessive and unreasonable force, as well as an abuse of process.

55.     Defendants HPD DETECTIVES MARTINI and CONNORS did not begin pursuit of Plaintiff due to any actual knowledge that a crime had been committed.

56.     Defendant HPD DETECTIVE MARTINI did not shoot and injure plaintiff to achieve any appropriate police objective, but rather to cause harm to Plaintiff.

57.     Defendant  John Doe Hempstead Police Officer, Badge No. 1217 did not assault and batter Plaintiff to achieve any appropriate police objective, but rather to cause harm to Plaintiff.

58.     The assault, battery, excessive and unreasonable use of force, and violation of Plaintiff's civil rights were brought about and caused by the actions of Defendants and the same were a clear and intentional abuse of process causing Plaintiff severe damage.

59.     As a result of said abuse of process, Plaintiff has suffered continued physical and emotional damage, including three broken ribs, a bullet still lodged in his back, prolonged stress and anxiety, fear, and frustration, and has been harmed financially in his incurring of attorney fees and other costs.

60.     That by reason of the foregoing, Plaintiff was deprived his Constitutional rights and has been damaged in a sum in excess of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A FOURTH COUNT
## 42 U.S.C. § 1983 - FABRICATION OF EVIDENCE

61.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 60 of this compliant with the same force and effect as though fully set forth herein.

62.     Defendants VILLAGE and HPD DETECTIVE MARTINI fabricated evidence against Plaintiff to deprive Plaintiff, a United States citizen, of his Fourth, Fifth, and Fourteenth Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully strike fear and threaten to brutalize Plaintiff.

63.     Upon information and belief, the Defendants further deprived the Plaintiff of his due process rights; specifically, by conspiring to unlawfully use force and covering up the use of force including the discharge of a firearm and abuse of Plaintiff, without reason or justification, rule of law, and by further denying Plaintiff his Fifth Amendment rights.

64.     Upon information and belief, HPD DETECTIVE MARTINI was acting in his personal interests, wholly and separately from the Defendant VILLAGE. The HPD DETECTIVE'S actions were taken separate and apart from his duties to arrest and prosecute suspected criminals.

65.     In an effort to cover-up their wrongdoing, DETECTIVE MARTINI along with other members and/or officers of the VILLAGE OF HEMPSTEAD, VILLAGE OF HEMPSTEAD POLICE DEPARTMENT and Police Officers and their agents and employees, who are known by name to the People and the Police, wrote and gave false statements and testimony; provided false police reports, tampered with evidence, placed false evidence at the crime scene, wrote and submitted false investigations/reports and/or provided false information in furtherance of an official investigation into the incident, and slandered Mr. Watts Bryant in the media and in the community

13

at large.

66. The actions by Defendants denied the Plaintiff his due process and equal protection under the law. All of these rights are guaranteed to the Plaintiff under U.S.C. § 1983, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

67. As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was seriously harmed, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

68. As a direct result of said acts, Plaintiff has suffered and continues to suffer repeated, severe and permanent psychological, emotional and physical trauma and damage, including distress, humiliation, embarrassment, great financial expense and damage to his reputation, and the emotional and psychological trauma as alleged in the preceding paragraphs of the within complaint.

69. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

**AS AND FOR A FIFTH COUNT**
**42 U.S.C. §1983 - MUNICIPAL LIABILITY**

70. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 69 of this Complaint with the same force and effect as though fully set forth herein.

71.     Prior to October 8, 2019 and since, VILLAGE OF HEMPSTEAD has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal uses of force, abuses of authority, beatings, and uses of weapons by police officers of the VILLAGE OF HEMPSTEAD POLICE DEPARTMENT.   This is especially true in certain portions of the VILLAGE, especially with persons who are African-American.   Although such abuses of authority, illegal uses of force, and uses of weapons were improper, the officers involved were not seriously prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the beatings, uses of force, and uses of weapons were justified and proper. As a result, HPD OFFICERS within their jurisdiction were caused and encouraged to believe that civilian persons could be beaten or abused under circumstances not requiring the use of excessive force, and that such abuse and beatings would in fact be permitted by the VILLAGE.

72.     Examples of this fact of abuse of process, excessive use of force, unjustified use of deadly force, improper use of firearms, beatings, and brutality include but are not limited to:

- Ronel Danzy,

- Jarette Anderson,

- Shuayab Greenaway,

- Juwan Keller,

- Reina Carrillos,

- Troy Pittman,

- Lawrence Critelli,

- Darlene F. Homere,

- Gerald Jean–Baptiste;

15

- Gregory Cole,

- Dorin Getlin;

- John Green;

- Plaintiff in this instant Complaint, Kashawn Watts Bryant.

73.     In addition to permitting a pattern and practice of improper beatings, excessive force, and abuses in the VILLAGE, the VILLAGE and VILLAGE OF HEMPSTEAD POLICE DEPARTMENT have failed to maintain a proper system of investigation of all incidents of unjustified beatings, abuses of authority, false arrests, and excessive use of force by police officers.

74.     The VILLAGE has failed to respond to the continuing and urgent need to prevent, restrain, and discipline police officers who wrongfully beat, abuse authority, use excessive force, and abuse civilians, and the VILLAGE has failed to find that civilian complaints made against police officers are founded or valid in anyway. Therefore the VILLAGE is liable under 42 U.S.C. §1983 because the VILLAGE has had actual and/or constructive knowledge of the patterns of abuse and excessive force against citizens by its police officers, employees, and/or agents in violation of the United States Constitution. Because of the VILLAGE and the VILLAGE OF HEMPSTEAD POLICE DEPARTMENT's un-meaningful policy and custom for reviewing complaints of misconduct, the Defendant Officers relied upon that flawed policy to continue their patterns of their abusive authority, physical abuse, excessive force, and false arrests, all in violation of the Plaintiff's rights.

75.     The VILLAGE and VILLAGE OF HEMPSTEAD POLICE DEPARTMENT have maintained a system of review of unjustified seizures, beatings, shootings, and excessive use of force by police officers that has failed to identify the improper abuses of authority, and brutality by police

16

officers and failed to subject officers who abused, beat and/or brutalized citizens to discipline, to closer supervision, or restraint, to the extent that it has become the custom of the VILLAGE to tolerate the improper abuses of authority, beatings, illegal arrests and other wrongful actions by police officers.

76.    Further the VILLAGE and VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, who maintain either supervisory and/or decision-making positions, permitted a practice of improper investigation, supervision, discipline and retention of Defendant Officers.  The VILLAGE and VILLAGE OF HEMPSTEAD POLICE DEPARTMENT also refused and failed to prosecute the Defendant Officers thereby improperly and in violation of the Plaintiffs' rights neglected, failed, and/or delayed in administering an investigation of the circumstances surrounding the instant matter and neglected, failed, and/or delayed in presenting the matter to the District Attorney of the County of Nassau for presentation to the Grand Jury.

77.    Upon information and belief, specific systemic flaws in the VILLAGE use of force, brutality review process include, but are not limited to, the following:

a.    Preparing reports regarding investigations of beatings, excessive force, and abuse incidents as routine point-by-point justifications of police officer actions, regardless of whether such actions are justified;

b.    Police officers investigating beatings and use of excessive force systemically fail to credit testimony by non-police officer witnesses, and uncritically rely on reports by police officers involved in the incident;

c.    Justifying the wrongful and improper discharge of fire arms.

17

d.     Police officers investigating beatings and excessive force fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

e.     Supervisory police officers at times issue public statements exonerating police officers for excessive use of force, improper beatings, and use of unnecessary and excessive force before the investigation of the incident by the police department has been completed;

f.     Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

78. The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants VILLAGE and VILLAGE OF HEMPSTEAD POLICE DEPARTMENT caused the Defendant Officers to believe that brutality and other improper actions would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

79. As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

80. As a direct result of said acts, Plaintiff has suffered and continues to suffer repeated, severe, and permanent psychological, emotional, and physical trauma and damage, including distress,

18

humiliation, embarrassment, great financial expense, and damage to his reputation, and the emotional and psychological trauma as alleged in the preceding paragraphs of the within complaint.

81.    That by reason of the foregoing, Plaintiff has been exposed to disgrace, public humiliation and embarrassment and has been damaged in sum in excess of FIVE MILLION ($5,000,000.00) DOLLARS, including the cost of this action, attorney's fees pursuant 42 U.S.C. §1988, and punitive damages.

**WHEREFORE** Plaintiff demands judgment against Defendants as follows:

a.    First Count: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs, and attorney's fees.

b.    Second Count: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs, and attorney's fees.

c.    Third Count: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs, and attorney's fees.

d.    Fourth Count: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs, and attorney's fees.

e.    Fifth Count: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs, and attorney's fees.

f.    Punitive damages against the individual Defendants in the amount of TEN MILLION ($10,000,000) DOLLARS.

g.    Award attorney's fees and costs of this action to the Plaintiffs pursuant to 42 U.S.C. § 1988;

h.    Declaratory Judgment that defendants wilfully violated plaintiffs' rights secured by federal and state law as alleged herein;

I.    Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

j.    Award such other and further relief as this Court may deem appropriate.

19

*A JURY TRIAL IS HEREBY DEMANDED*

Dated: Hempstead, New York
    December 9, 2021

                                        Respectfully submitted,

                                        THE LAW OFFICES OF
                                        FREDERICK K. BREWINGTON

By:

                                        FREDERICK K. BREWINGTON

                                        *Attorneys for Plaintiff*
                                        556 Peninsula Boulevard
                                        Hempstead, New York 11550
                                        (516) 489-6959

20